IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENOCH TERRELL WILSON

v. : Civil Action No. DKC 15-0798

OFFICER GRAY, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is the unopposed motion to dismiss filed by Defendants Bryan Medina, Sergeant Chad Schmick, Officer Santino Green, Corporal Michael Marriott, Corporal Jose Pina, and Officer David Ahn (collectively, the "Defendants"). (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motion to dismiss the amended complaint will be granted, and Plaintiff will have 21 days to file a second amended complaint under Fed.R.Civ.P. 15(a)(2).

## I. Background[1]

Plaintiff Enoch Terrell Wilson ("Plaintiff"), proceeding *pro se*, filed a complaint using the Prince George's County

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The facts outlined here are construed in the light most favorable to Plaintiff, the nonmoving party.

Police Department citizen complaint form on March 18, 2015. In that original complaint, Plaintiff alleges:

> I am a[n] entrepreneur and licensed vendor and I vend at the 2900 block of Riggs & Chillum Road for several years. On October 8, 2014 at approximately 8:30 p.m. I became a victim of racial profiling. Seven P.G. County police cars and one silver police car pulled up to my place of business and I was ordered on the ground and they proceeded to search my vehicle without my permission or search warrant. I tried to ask what warranted this action and I was told to shut up.
>
> Once they finished searching my vehicle and came up empty, they asked for my license and registration and vendor license. As I was telling the officer where to locate the items which were in my console, he used unnecessary force and ripped the console from the hinges.
>
> Once they saw that everything checked out and I was legit, I asked the officers for their names and badge numbers and I was told Officer Gray. The others refused to give me names or badge information.
>
> I am a Deacon in my church and at the time of the incident several seniors from my church and the neighborhood were there and witnessed what the police officers were doing. If they did not know me personally from my church and the community, my character and integrity would be tarnished and defamed as someone living a criminal lifestyle.

(ECF No. 1, at 1-2). Plaintiff also notes that "[t]his is the second time this has happened to me. I am currently seeking legal counsel. If the harassment continues, I will go a step further and file a lawsuit against each officer and P.G. County where I pay taxes and hold all involved accountable." (*Id.* at

2). A civil cover sheet accompanied the citizen complaint form. Seeking one million dollars in damages, Plaintiff sued for "discrimination and harassment of PG Police." (ECF No. 1-4).

The original complaint form and civil cover sheet named Officers Gray, Greene, and Medina as defendants. On May 1, 2015, Plaintiff submitted correspondence stating that "Detective Medina came to my residence and provided me with the officers['] name[s] and badge numbers and also took pictures of the damage to my personal property." (ECF No. 6). Plaintiff's correspondence names Sergeant Schmick, Officer Green, Corporal Marriott, Corporal Pina, and Officer Ahn. Construing Plaintiff's correspondence as a motion to amend the complaint, the court granted Plaintiff's motion. (ECF No. 8).

On August 20, 2015, Defendants moved to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (ECF No. 15). Plaintiff was provided with a *Roseboro* notice via letter, which advised him of the pendency of the motion to dismiss and his entitlement to respond within 17 days. (ECF No. 16); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file a response in opposition). The letter also warned Plaintiff that failure to respond could result in the dismissal of his case without further notice. To date, Plaintiff has not filed any opposition to Defendants' motion to

dismiss, and the time for him to do so has long expired. Local Rule 105.2(a). Accordingly, Defendants' motion is unopposed.

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d

1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

**III. Analysis**

Defendants argue that the amended complaint fails to comply with federal pleading standards because Plaintiff's allegations are conclusory and the amended complaint contains neither a statement of jurisdiction nor a demand for relief. (ECF No. 15, at 2-3). A complaint is required to contain a short and plain statement of the grounds for the court's jurisdiction, a statement of the claim showing that Plaintiff is entitled to relief, and a demand for the relief sought. Fed.R.Civ.P. 8(a). Furthermore, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Plaintiff has failed to comply with each of these pleading standards established by the Federal Rules of Civil Procedure. Taken together, the citizen complaint form, civil cover sheet, and subsequent correspondence

construed as an amended complaint do not state a claim for relief.[2]

In addition to Plaintiff's failure to comply with formal pleading requirements, the focus of the amended complaint is not at all clear. The court is unable to discern whether he attempts to state a claim under 42 U.S.C. § 1983 for an equal protection violation. "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination . . . ." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citation and internal quotation marks omitted). Accordingly, "the Supreme Court [of the United States] has recognized the validity of 'class of one' Equal Protection claims, 'where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (quoting *Olech*, 528 U.S. at 564). Here, if Plaintiff aims to plead an equal protection violation, he does not allege sufficient facts.

[2] Plaintiff cannot meet federal pleading standards through conclusory allegations or statements in the civil cover sheet. In fact, the instructional language printed on the civil cover sheet admonishes prospective plaintiffs that it "and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law." (ECF No. 1-4).

> To state an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).

*Green v. Maroules*, 211 F.App'x 159, 162 (4th Cir. 2006). It is not enough merely to state a conclusion, and Plaintiff alleges no facts articulating how he was treated differently from others.

Perhaps Plaintiff also attempts to complain of an unconstitutional search of his vehicle. If so, he again fails to provide sufficient factual allegations. Generally, the Fourth Amendment prohibits law enforcement personnel from conducting a search without a warrant. *See Katz v. United States*, 389 U.S. 347, 357 (1967). The Supreme Court, however, has recognized certain exceptions to the warrant requirement. *See id.* For example, searches of commercial locations differ somewhat from searches of private individuals or vehicles due to important public interests that may require that searches be conducted without traditional warrants or probable cause. *See Donovan v. Dewey*, 452 U.S. 594, 598-99 (1981) ("The greater latitude to conduct warrantless inspections of commercial property reflects the fact that the expectation of privacy that

the owner of commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home."). The United States Court of Appeals for the Fourth Circuit has recognized:

> that search warrants are required in most cases for administrative searches of business premises. *Marshall v. Barlow's*, 436 U.S. 307 (1978); *Camara v. Municipal Court*, 387 U.S. 523 (1967). The general rule, however, is not without exception. *Colonnade Catering Corp. v. United States*, 397 U.S. 72 (1970) ([g]ranting agents of Alcohol and Tobacco Tax Division of the Internal Revenue Service authority to inspect facilities of licensed liquor dealers without a warrant); *United States v. Biswell*, 406 U.S. 311 (1972) ([u]pholding the validity of a warrantless search for firearms or ammunitions dealer). . . . The [F]ourth [A]mendment requires, however, that any such intrusion be reasonable. "[T]here can be no ready test for determining reasonableness other than by balancing the need to search against the invasion which the search entails." *Camara*, 387 U.S. at 536–37.

*Gallaher v. City of Huntington*, 759 F.2d 1155, 1158-59 (4th Cir. 1985). That is, "[w]here an inspection is authorized by statute but there are no rules governing the procedure that inspectors must follow, the Fourth Amendment and its various restrictive rules apply." *Colonnade Catering*, 397 U.S. at 77. Here, Plaintiff states that he is a vendor and implies that he was required to have a license to conduct business, but does not otherwise allege that the police officers did anything wrong

other than to target him based on his race. Furthermore, Plaintiff has not stated what, if any, specific damage was caused by Defendants' allegedly improper conduct.

Accordingly, Defendants' motion to dismiss will be granted, and the court will allow Plaintiff 21 days to file an amended complaint. Such an outcome is appropriate in light of the forgiving standards embodied in Rule 15 and Plaintiff's *pro se* status.[3]

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted, and Plaintiff will have 21 days to file a second amended complaint. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

[3] Should Plaintiff file a second amended complaint within 21 days, he is advised to consult a § 1983 *pro se* pleading form available online: http://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner. The court expects that he will include factual allegations sufficient to establish a plausible basis for his claims. The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Giacomelli*, 588 F.3d at 193.